IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE HOLDEN PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-783-DRH |
| ) | |
| JOHN EVANS, WILBUR PURSELL, B. ) | |
| WINGERTER, SHERRY BENTON, LT. ) | |
| WILLIAMS and PHILLIP BAKER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He has filed a motion for permission to file a complaint that is in excess of the page-limitation set forth in local rules (Doc. 8); this motion is **GRANTED**.

In this action, Plaintiff lists six separate counts, one against each Defendant. However, each claim is essentially the same: all six Defendants conspired to deprive Plaintiff of his wheelchair for a period of six months, and that said conspiracy was undertaken in retaliation for a lawsuit Plaintiff attempted to file in this District. Although Plaintiff mentions other incidents such as confiscation of personal property and assignment to a cell not designated as non-smoking, his prayer for relief is clear: he seeks damages "for the unjustified and deliberate medical indifference of a six month confiscation of [his] wheelchair." Thus, the complaint boils down to two legal claims: that Plaintiff was deprived of his wheelchair in violation of his rights under the Eighth Amendment, and that Defendants violated his First and Fourteenth Amendment rights by retaliating against him for his

complaints and litigation.

## WHEELCHAIR DEPRIVATION

The complaint does not specify exactly why Plaintiff has need of a wheelchair. However, he states that he is a "medically designated, custody approved, wheelchair bound inmate" (Doc. 1, p. 2). Without his wheelchair, he was falling down in his cell, and he had difficulty getting to the showers and the recreation yard.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this claim against any Defendant at this point in the litigation.

## RETALIATION

Sometime in 2004, Plaintiff prepared a lawsuit against 46 individuals in the I.D.O.C., which he wished to file in federal court; that lawsuit purportedly sought certification as a class action and alleged a vast conspiracy of financial corruption, inmate abuse, and violation of inmates'

constitutional rights.[1]  As stated above, Plaintiff believes that the confiscation of his wheelchair was done out of retaliation for his preparation of that lawsuit.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*

In light of these standards, the Court is unable to dismiss this retaliation claim against any Defendant at this point in the litigation.

### DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***all named Defendants***.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***all named Defendants*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.[2]  Process in this case shall consist of the complaint,

---

[1] That thwarted lawsuit is the subject of another action pending in this District, in which Plaintiff alleges that certain individuals conspired to prevent him from filing a purported class action alleging a vast conspiracy of financial corruption, inmate abuse, and violation of inmates' constitutional rights.  *See Parker v. Evans*, Case No. 05-cv-143-WDS (S.D. Ill., filed Feb. 25, 2005).

[2] Plaintiff's motions for service (Docs. 5, 7) are now moot.

applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   August 9, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**