IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEE HOLDEN PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-783-DRH |
| | ) | |
| JOHN EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Default Judgment filed by Lee Holden Parker ("Plaintiff") on December 7, 2006 (Doc. 20). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that six defendants conspired to deprive him of his wheel chair for a period of six months, and that said conspiracy was undertaken in retaliation for a lawsuit Plaintiff attempted to file in this District.

Requests for waiver of service were sent to Defendants Wilber Pursell, B. Wingerter, and Lt. Williams on September 18, 2006, which made their answer due date November 17, 2006 (Doc. 13). Requests for waiver of service were sent to Defendants Sherry Benton and Philip Baker on September 19, 2006, which made their answer due date November 20, 2006 (Doc. 14 & 18). A request for waiver of service was sent to Defendant John Evans on October 25, 2006, which made his answer due date December 4, 2006 (Doc. 17). All six Defendants filed a joint Answer on November 17, 2006, which was within the time each was allotted for answering

(Doc. 19). Plaintiff filed the instant motion for default judgment on December 7, 2006 (Doc. 20). In that motion, Plaintiff did not aver that any Defendant failed to answer within the prescribed periods set forth above.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 55(a) states that if a party fails to plead as provided by Federal Rules of Civil Procedure, the Clerk shall enter a default against the party. Rule 55(b)(2) goes on to state that the Court may enter a default judgment upon application by a party after the entry of default. First, Defendants did not fail to plead. Their joint Answer was filed on November 17, 2006, thus no legal basis exists for the Clerk to enter a default against them. Second, because there has been no entry of default, the Court cannot enter a judgment upon Plaintiff's instant motion. Therefore, the motion should be **DENIED**.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Default Judgment filed by the Plaintiff on December 7, 2006 be **DENIED** (Doc. 20) and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-+-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 1, 2007**

                                      s/ *Donald G. Wilkerson*
                                      **DONALD G. WILKERSON**
                                      **United States Magistrate Judge**