IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| LEE HOLDEN PARKER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-783 DRH |
| | ) | |
| JOHN EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is currently before the Court on the Defendants' Motion for Summary Judgment (Doc. 34).

## BACKGROUND

Plaintiff filed his complaint in this matter on October 31, 2005 (Doc. 1). On August 10, 2006, the District Court completed its threshold review of the complaint, finding that Plaintiff presented two claims: one for denying Plaintiff access to a wheelchair in violation of his Eighth Amendment rights, and one for depriving Plaintiff of the wheelchair in retaliation for filing a prior lawsuit against some Illinois Department of Corrections officials. In their answer to the complaint, Defendants raised, *inter alia*, the affirmative defense that Plaintiff had failed to exhaust his administrative remedies (Doc. 19). Discovery has now been completed, and Defendants have moved for summary judgment on the question of exhaustion of administrative remedies, on their other affirmative defenses, and on the merits of the two substantive claims (Doc. 34).

## DISCUSSION

The Seventh Circuit recently held that in suits for damages governed by the Prison Litigation Reform Act, "debatable factual issues relating to the defense of failure to exhaust

administrative remedies" are not entitled by the Seventh Amendment to resolution by a jury. See Pavey v. Conley, 528 F.3d 494 (7th Cir. 2008). The Court compared the factual issues presented in the affirmative defense of exhaustion of administrative remedies to other judge-made factual determinations such as those regarding subject-matter jurisdiction, personal jurisdiction, and venue, and reasoned that "not every factual issue that arises in the course of a litigation is triable to a jury as a matter or right . . . within the meaning of the Seventh Amendment." Id. at 496-97. The Court stated, "until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to." Id. at 497.

The Court made the following procedural recommendations in cases where failure to exhaust administrative remedies is raised as an affirmative defense:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, he will then determine whether (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

Id. at 497-98. The Court cautioned that "discovery with respect to the merits must not be begun until the issue of exhaustion is resolved. If merits discovery is allowed to begin before that resolution, the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will be thwarted." Id. at 498.

2

## APPLICATION

In this action, the parties have completed discovery and the Defendants have already filed a motion for summary judgment in which they seek judgment in their favor on the exhaustion issue and on the substantive claims.

In an attempt to comply with <u>Pavey</u> as closely as possible, the Court will follow the procedure outlined below.

1. The parties are granted 30 days in which to conduct additional discovery on the issue of exhaustion.

2. The undersigned magistrate judge will hold a hearing on the question whether Plaintiff has exhausted his administrative remedies on **August 19, 2008, at 2:00 p.m.** in the East St. Louis Federal Courthouse. Plaintiff shall participate by videoconference. Defendants shall appear in person. In lieu of witness testimony, the parties may submit affidavits relevant to the question of exhaustion.

3. The undersigned will make a written Report and Recommendation to the presiding United States District Judge recommending a factual determination on the exhaustion issue based on the evidence presented at the hearing.

**IT IS SO ORDERED.**
**DATED: July 16, 2008**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**