IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEE HOLDEN PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.05-cv-783 DRH |
| | ) | |
| JOHN EVANS, et al. | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATIONS

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the issue of whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections. It is **RECOMMENDED** that the Court **FIND** that Plaintiff did exhaust his administrative remedies, that Defendants' affirmative defense be **DENIED,** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

*Procedural History*

Plaintiff filed his complaint in this matter on October 31, 2005 (Doc. 1). On August 10, 2006, the District Court completed its threshold review of the complaint, finding that Plaintiff presented two claims: one for denying Plaintiff access to a wheelchair in violation of his Eighth Amendment rights, and one for depriving Plaintiff of the wheelchair in retaliation for filing a prior lawsuit against some Illinois Department of Corrections ("IDOC") officials. In their answer to the complaint, Defendants raised, *inter alia*, the affirmative defense that Plaintiff had failed to exhaust his administrative remedies as he is required to do under 42 U.S.C. §1997e(a) (Doc. 19). Discovery

has now been completed, and Defendants have moved for summary judgment on the question of exhaustion of administrative remedies, on their other affirmative defenses, and on the merits of the two substantive claims (Doc. 34).

Based on the Seventh Circuit's recent opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the undersigned held a hearing in the matter on August 22, 2008, after granting the parties 30 days in which to conduct additional discovery on the issue, to determine whether Plaintiff had properly exhausted his administrative remedies. The following recommendations are based upon evidence adduced at that hearing.

*Factual Background*

On April 10, 2005, Plaintiff submitted to prison officials a grievance in which he stated that he was denied a wheelchair for six months without authorization by medical staff (Doc. 42-2, p. 1). The grievance did not name any individuals responsible for the denial of the wheelchair. The grievance was denied on April 18, 2005, because the grievance officer found no indication in medical records that Plaintiff was denied a wheelchair, nor were there any notations in the logbook that he was denied a wheelchair. Thus, the grievance was denied because no corroborating evidence was found. The Chief Administrative Officer ("CAO") concurred in the denial of the grievance on April 22, 2005 (Doc. 42-2, p. 3). Plaintiff appealed the denial by placing it in the outgoing prison mail on May 16, 2005. The Administrative Review Board ("ARB") received it on May 23, 2005. The appeal was denied as untimely because the ARB did not receive it within 30 days of the CAO's denial of the grievance.

At the hearing, Defendants did not dispute that Plaintiff had filed a grievance based on the issues in this case, but they argued that the grievance was procedurally defective in two ways. First,

Plaintiff did not properly name the defendants in his initial grievance as required by departmental rules (Hrg. Trans., Doc. 59, pp. 11, 22). Second, Plaintiff did not file an appeal of the denial of his grievance in the time set forth in the Illinois Administrative Code (Hrg. Trans., Doc. 59, p. 28).

In response, Plaintiff argued first, that his grievance was sufficient to put IDOC officials on notice of the claims against them (Hrg. Trans., Doc. 59, pp. 30-31), and second, that he placed the grievance in the outgoing prison mail in time for it to be received by the ARB by the deadline (Hrg. Trans., Doc. 59, pp. 42-43).

## Conclusions of law

In *Pavey v. Conley*, the Seventh Circuit held that the in suits for damages governed by the Prison Litigation Reform Act ("PLRA"), the Seventh Amendment does not require that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" be resolved by a jury. 544 F.3d 739, 740 (7th Cir. 2008). The Court compared the factual issues presented in the affirmative defense of exhaustion of administrative remedies to other judge-made factual determinations such as those regarding subject-matter jurisdiction, personal jurisdiction, and venue, and reasoned that "not every factual issue that arises in the course of a litigation is triable to a jury as a matter of right . . . within the meaning of the Seventh Amendment." *Id.* at 741. The Court stated, "until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to." *Id*.

The Court made the following procedural recommendations in cases where failure to exhaust administrative remedies is raised as an affirmative defense:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge

will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* at 742.

The Court emphasized that "in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved. If merits discovery is allowed to begin before that resolution, the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will not be achieved." *Id.*

***Exhaustion Under Illinois Law***

Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates. An inmate must first attempt to resolve the complaint informally. If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. Ill. Admin. Code § 504.810. The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. Ill. Admin. Code § 504.830. An inmate may

appeal the decision of the CAO in writing within 30 days. Ill. Admin. Code § 504.850. *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

***Defendants Not Properly Named in Grievance***

Under Illinois regulations, a grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." The Code goes on to state, however, that "this provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." Ill. Admin. Code § 504.810(b). The Supreme Court recently held that exhaustion is not inadequate under the PLRA merely because "an individual later sued was not named in the grievances." *Jones v. Bock*, 549 U.S. 199, 219 (2007). The Court emphasized that the level of detail necessary in a grievance for adequate exhaustion should be determined by prison regulations, but that the PLRA does not impose a specific requirement regarding who must be named in a grievance for proper exhaustion. *Id.* at 218-19. The Court opined that notice to an individual that he might be sued "has not been thought to be one of the leading purposes of the exhaustion requirement," and cited the Fifth Circuit's statement that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Id.* (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).

None of the Defendants in this action are listed by name in the April 2005 grievance. The grievance states that Plaintiff was denied a wheelchair by unnamed administrators without approval of medical staff. It appears from the grievance that Plaintiff did not know the name of a prison official responsible for denying him his wheelchair. At the time he filed the grievance he knew only

that he was denied the wheelchair and that the denial was not authorized by medical staff.

The Court believes Plaintiff's grievance was sufficient to conform to the requirements of the Illinois Administrative Code, which does not require an inmate to name unknown individuals so long as he provides adequate descriptive information about them. Plaintiff indicates that the denial of the wheelchair was not an official act; he had no document indicating that he had been denied a wheelchair. Without any indication of who was responsible for the denial, the Court believes the Plaintiff would have been hard pressed to file a grievance naming a responsible individual. Plaintiff did all that he could do. He stated what he was complaining about–the denial of the wheelchair–and stated his knowledge that the denial was not from medical staff. This was sufficient to alert prison officials to a problem. The undersigned **RECOMMENDS** therefore, that the Court **FIND** that Plaintiff's April 10, 2005, grievance, despite its failure to name any individual defendants, complied with Illinois regulations.

*Timeliness of Appeal*

Defendants argue that the appeal was not timely filed within 30 days of the decision by the CAO. The CAO concurred in the denial of the grievance on April 22, 2005. The appeal was received on May 23, 2005–one day too late. Plaintiff states however, that he placed the appeal in the outgoing prison mail on May 16, 2005, in time for it to be received by the May 22 deadline. Based on the evidence adduced at the hearing, the Court found that Parker did place the appeal in the outgoing prison mail system on May 16, 2005 (Hrg. Trans., Doc. 59, p. 45).

The Illinois Administrative Code states that an inmate may appeal a grievance that was not resolved to his or her satisfaction "within 30 days after the date of the decision." Ill. Admin. Code § 504.850(a). The Code provision does not address whether an appeal is timely when it is sent or

when it is received. The Seventh Circuit has held, however, that a prisoner had exhausted his administrative remedies by filing a grievance with the ARB by placing it in the outgoing prison mail, even though the ARB never received it. *See Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006). The Court stated that the inmate "could not maintain control of his complaint once the guard picked it up. He had no choice in the method used to transmit the complaint from the prison to the Board." *Id.* at 810. The Court in *Dole* was concerned about fashioning a rule wherein an inmate could fraudulently state that he placed an appeal in the outgoing mail to have exhausted his administrative remedies. Those concerns of the Court are not at issue here, however, because the ARB did receive an appeal from the Plaintiff. Not only does Plaintiff state that he submitted it in the outgoing prison mail five days prior to the 30-day deadline, the proof that he did so lies in the fact that the ARB did receive the appeal, albeit one day after the deadline. As in *Dole*, Plaintiff here had no control of his appeal after he had placed it in the outgoing mail. Thus, based on the reasoning of *Dole*, the Court finds that Plaintiff filed his appeal on the day he placed it in the outgoing mail, May 16, 2005. This finding makes his appeal timely. Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** Plaintiff exhausted his administrative remedies under Illinois rules.

## Conclusion

For the reasons set forth above, it is hereby **RECOMMENDED** that the Court **FIND** that Plaintiff has exhausted his administrative remedies and that Defendants' affirmative defense be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before

either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  January 28, 2009**

                   *s/ Donald G. Wilkerson*
                   **DONALD G. WILKERSON**
                   **United States Magistrate Judge**